FORM B104 (08/07)                                                                                                  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>EAGLE LOAN SERVICE, INC., a California Corporation and ROBERT E. WILLIAMS TRUST, a California Trust | **DEFENDANTS**<br>YUSEF ALEXANDER |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Garrett & Tully, P.C.<br>225 S. Lake Avenue, Suite 1400<br>Pasadena, CA 91101        (626) 557-9500 | **ATTORNEYS** (If Known)<br>Michael Jay Berger<br>9454 Wilshire Blvd., 6th Floor<br>Beverly Hills, CA 90212 |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor       ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Non-Dischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(2)(A) and (6)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                      2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> Yusef F. Alexander || **BANKRUPTCY CASE NO.** <br> 2:10-bk-36916BB ||
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Los Angeles || **NAME OF JUDGE** <br> Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** || **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> [signature] ||||
| **DATE** <br> 10/8/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Zi C. Lin, Esq. |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Tomas Ortiz, SBN 188873
tortiz@garrett-tully.com
Zi C. Lin, SBN 236989
zlin@garrett-tully.com
Edward W. Racek, SBN 235184
eracek@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Avenue, Suite 1400
Pasadena, CA 91101-4869
Telephone: (626) 577-9500
Facsimile: (626) 577-0813
Attorneys for Plaintiffs Robert E. Williams, Trustee of the
Robert E. Williams Trust and Eagle Loan Service, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>YUSEF ALEXANDER<br><br>Debtor.<br><br>———————————————<br><br>EAGLE LOAN SERVICE, INC., a California Corporation and ROBERT E. WILLIAMS TRUST, a California Trust,<br><br>Plaintiff,<br><br>v.<br><br>YUSEF ALEXANDER and ROES 1-200,<br><br>DefendantS. | CASE NO. 2:10-bk-36916<br>Chapter 7<br><br>Hon. Sheri Bluebond<br><br>Adversary No. _____<br><br>**EAGLE LOAN SERVICE INC.'S, AND ROBERT E. WILLIAMS TRUSTEE OF THE ROBERT E. WILLIAMS TRUST'S COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A) and (6)** |

Plaintiffs Eagle Loan Service, Inc., ("Eagle Loan") and Robert E. Williams Trust by and through its Trustee Robert E. Williams ("Williams Trust") brings this action against Yusef Alexander to determine the non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2) and (6) and in support thereof allege as follows:

## I. INTRODUCTION

1. There exists a pending state court action entitled *Scott Suhr, et al. v. Performing Assets DYA, LLC, et al.*, Los Angeles Superior Court, Case No. BC419441, between Plaintiffs Scott and Dean Suhr as Co-Administrators of the Estate of Phillip Suhr, and Defendants Eagle Loan and Williams Trust ("the State Court Action") pertaining to real property commonly known as 1156 Wilcox Avenue, Los Angeles, California 90019, APN Number 5546-013-001 ("Subject Property" or "Property"). The Property is legally described as:

> Lot 1 of Tract No. 1754, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 20, Page 101 of Maps, in the office of the County Recorder of said County.

2. Eagle Loan and Williams Trust are bona fide encumbrancers who took title to the Property through a foreclosure of a construction deed of trust given by Gray-Test Holdings, a company affiliated with or owned by Debtor Yusef Alexander.

3. Scott and Dean Suhr claim an interest in the title to the Property alleging that their father (now deceased) was defrauded by Yusef Alexander, among others, into reconveying a deed of trust on the Property in the amount of approximately $517,000.

4. On or about August 7, 2009, Scott and Dean Suhr, as Co-Administrators of the Estate of Phillip Suhr, commenced an action in Los Angeles Superior Court, asserting claims against Performing Assets, Yusef Alexander, Niarobia Francis, Ameerah Alexander, Cathy Alexander, IAAM , Daniel Alexander, Gray-Test, AW Mortgage, Four Clover, Pauline L. Dominh, Todd Mitchell, Kyn Naope, and William Houston (collectively "Defendants") for (1) Elder Abuse; (2) Unjust Enrichment; (3) Conversion; (4) Accounting; (5) Accounting In Equity; (6) Fraud/Deceit; (7) Unfair Business Practice B&P Code Section 17200, et seq.; and (8) Negligent Misrepresentation (the "State Court Action").

5. On or about December 4, 2009, and February 22, 2010, Scott and Dean Suhr amended their complaint to add Eagle Loan Williams Trust as Doe defendants, which included them in all the causes of action.

6. On or about April 1, 2010, Eagle Loan and Williams Trust filed an Answer and Cross-complaint against Scott Suhr and Dean Suhr, seeking declaratory relief to establish good title, or in the alternative for equitable subrogation against Scott and Dean Suhr and Equitable Indemnity and damages for Fraud and Conspiracy and Negligent Misrepresentation against Yusef Alexander, among others.

7. All parties other than Eagle Loan and Williams Trust defaulted or were dismissed on the complaint, and all parties other than Scott and Dean Suhr and Yusef Alexander defaulted on the cross-complaint. Yusef Alexander did not Answer but filed this bankruptcy petition.

8. The state court action is stayed pending determination of this bankruptcy court as to Scott and Dean Suhr's rights and Eagle Loan and Williams Trust's rights as against Yusef Alexander. The determination of the dispute with regard to the real Property as between Scott and Dean Suhr and Eagle Loan and Williams Trust, is dependent in part on a determination of whether or not Debtor Yusef Alexander defrauded Scott and Dean Suhr's deceased father. Furthermore, if a determination is made that Scott and Dean Suhr have an interest in the title to the Property based on Yusef Alexander's actions, then Eagle Loan and Williams Trust were defrauded by Yusef Alexander and therefore have a non-dischargeable claim for damages against Debtor.

9. As Eagle Loan and Williams Trust's claims are related to the claims of Scott and Dean Suhr and are necessarily tied to the outcome of such adversary proceeding, Eagle Loan and Williams Trust requests that the adversary proceedings be consolidated for all purposes.

10. Eagle Loan and Williams Trust are continuing to investigate the facts and circumstances surrounding the bankruptcy filing of Yusef Alexander. The alleged

fraudulent scheme perpetrated by Yusef Alexander is complicated and involves several transfers, loans, and an original transaction with a deceased individual who Scott and Dean Suhr claim to have been mentally incompetent. Thus, there are many facts still yet to be determined as to the alleged fraudulent scheme. Eagle Loan and Williams Trust expressly reserve the right to amend this Complaint to allege additional facts and grounds for non-dischargeability of Yusef Alexander's debt to them under 11 U.S.C. §523(a).

## II.    JURISDICTION AND VENUE

11.    The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §523. This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001(6) and a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

12.    Venue is proper in this district pursuant to 28 U.S.C. §1409(a)

## III.    PARTIES

13.    Eagle Loan, is a licensed and duly operating California corporation, with its principal place of business in the county of Los Angeles, California. Eagle Loan owns an undivided 67.84129% beneficial interest in the Property.

14.    Williams Trust, is and at all times relevant herein a resident of the State of California. Robert E. Williams, Trustee of The Robert E. Williams Trust Dated 07-23-93 is the owner of an undivided 32.15871% beneficial interest in the Property.

15.    Upon information and belief, the Estate of Phillip Suhr has filed or will file an adversary proceeding against Yusef Alexander. Upon information and belief, Dean Suhr is the son of Phillip Suhr, and is a resident of the City of West Linn, State of Oregon. Upon information and belief, Scott Suhr is the son of Phillip Suhr, and is a resident of the City of Carson, County of Los Angeles, State of California.

16.    Upon information and belief, Debtor/Defendant Yusef Alexander is an individual residing in the county of Los Angeles, State of California and was a manager or owner of Performing Assets, IAAM and Gray-Test.

17.  Upon information and belief, there was such a unity of interest between Yusef Alexander and Performing Assets, IAAM, and Gray-Test, that each was the alter-ego of the other, and that Performing Assets, IAAM, and Gray-Test are and at all times material hereto were, mere shells or instrumentalities of each other and Yusef Alexander and other Roe Cross-Defendants such that the separateness of these entities ceased to exist and it would be a fraud upon the creditors of the these entities not to allow said creditors, including Cross-Complainants, to "pierce the corporate veil" and collect any judgment against any of them from the assets of the others.

18.  The true names and capacities of the Defendants sued herein as Roes 1-100, whether individual, corporate, partnership, associate or otherwise, are unknown at the present time, and as such, are sued by fictitious names. The Roe Defendants mentioned herein have been the agents, principals, partners, co-conspirators, co-ventures, assignees, employees, successors and/or alter egos of each other and that, in doing the things alleged herein, each of them acted within the course and scope of authority of those relationships, and with the knowledge, consent, approval and ratification of each of them.

## IV.  GENERAL ALLEGATIONS

19.  On or about September 21, 2003, Phillip Byrd Suhr transferred the Property to Performing Assets via grant deed which was recorded on March 9, 2004, in the official records of the County of Los Angeles as instrument number 04-0555889 (the "Suhr Grant Deed").

20.  On March 5, 2004, Performing Assets gave a deed of trust in favor of Phillip Byrd Suhr in the amount of $517,450.00, recorded in the official records of the County of Los Angeles, as instrument number 04-0555890 (the "Suhr Deed of Trust").

21.  On May 5, 2004, via grant deed, Performing Assets transferred the Property to IAAM. This grant deed is recorded in the official records of the County of Los Angeles as instrument number 04-2573966 (the "IAAM Grant Deed").

22.  On or about December 15, 2004, Phillip Byrd Suhr executed a substitution of trustee and full reconveyance of the Suhr Deed of Trust. The substitution of trustee and full

reconveyance was recorded in the official records of the County of Los Angeles as instrument number 05-2492350 (the "Suhr Reconveyance"). Scott and Dean Suhr allege that this deed of reconveyance is forged or otherwise fraudulent.

23. On or about February 1, 2005, IAAM executed a deed of trust and assignment of rents in favor of Four Clover Real Estate on the Property, securing repayment of the sum of $545,000, recorded in the official records of the County of Los Angeles as Instrument number 05-3023625 (the "Four Clover Deed of Trust").

24. On or about December 15, 2005, to secure a $570,000 loan, IAAM encumbered the Property with a deed of trust in favor of Arnold Brody and Sheila Brody as joint tenants in an undivided 27% interest; Alex Gelbard and Kathy Gelbard as joint tenants in an undivided 20% interest; the Goldwasser-Baumbgartner Family Trust Dated April 29, 2002, Edward Goldwasser and Astrid Baumgartner, Trustees as to an undivided 20% interest; and Karl and Karol J. Gelbard as joint tenants as to an undivided 33% interest (the "Gelbard Loan"). On information and belief, the Gelbard Loan paid off the debt secured by the Four Clover Deed of Trust.

25. On or about March 2, 2006, IAAM transferred the Property via grant deed to Gray-Test. The grant deed is recorded in the official records of the County of Los Angeles as instrument number 06-0534088 (the "Gray-Test Grant Deed").

26. On or about August 7, 2006, Eagle Loan made a $565,000.00, construction loan to Gray-Test (the "Eagle Loan Construction Loan"). The Eagle Loan Construction Loan was evidenced by a promissory note and secured by a construction deed of trust and assignment of rents, recorded in the public records of the County of Los Angeles, as document number 06-1819530 (the "Eagle Loan Deed of Trust"). At the time Eagle Loan made the Eagle Loan Construction Loan, it was a bona fide encumbrancer without knowledge of any adverse claim to title.

27. On or about August 11, 2006, Eagle Loan assigned an undivided 32.15871% beneficial interest in the Eagle Loan Deed of Trust to Robert Williams, Trustee of the Robert Williams Trust Dated and retained an undivided 67.84129% beneficial interest in

the Eagle Loan Deed of Trust (the "Assignment"). The Assignment was recorded in the official Records of the County of Los Angeles as instrument no. 06-2245868. Therefore the Eagle Loan Deed of Trust was owned by Eagle Loan and Williams Trust. When Eagle Loan made the assignment and Williams Trust accepted the assignment, they were both bona fide encumbrancers without knowledge of Scott and Dean Suhr's claims to the Property.

28. On or about June 15, 2007, Gray-Test borrowed an additional $265,000 from AW Mortgage Income Fund #4, LLC ("AW Mortgage"). This construction loan was secured by a deed of trust on the Property recorded in the official records of the County of Los Angeles as instrument number 20071564160 (the "AW Deed of Trust").

29. Eagle Loan and Williams Trust are informed and believe, and based thereon allege, that Gray-Test defaulted on the loan to AW Mortgage, AW Mortgage recorded a notice of default and election to sell under the AW Deed of Trust. The notice of default is recorded in the official records of the County of Los Angeles as instrument number 20080682533.

30. Eagle Loan and Williams Trust are informed and believe, and based thereon allege, that on or about October 1, 2008, after a trustees sale, under power of sale in the AW Deed of Trust, AW Mortgage received a trustees deed upon sale by making a full credit bid in the amount of $305,058.59 at the foreclosure sale. AW Mortgage took ownership of the Property subject to the Eagle Loan Deed of Trust and the Gelbard Deed of Trust. The AW Trustee's deed upon sale is recorded in the official records of the County of Los Angeles as instrument number 20081760113.

31. On or about December 22, 2008, Eagle Loan and Williams Trust recorded a notice of default on the Property due to Gray-Test's default on the Eagle Loan Construction Loan.

32. After the trustees sale, under power of sale in the Eagle Loan Deed of Trust, Eagle Loan and Williams Trust, received a trustees deed upon sale by making a full credit bid in the amount of $985,820.09 at the foreclosure sale. The Trustees Deed Upon Sale is

recorded in the official records of the County of Los Angeles as instrument number 20090924237.

33. After the trustees sale, Eagle Loan and Williams Trust owned the Property subject only to the Gelbard Deed of Trust.

34. On or about November 20, 2009, Eagle Loan and Williams Trust took out a loan from Pacific West Mortgage Fund, LLC, in the amount of $715,000 secured by a deed of trust on the Property which is recorded in the official records of the County of Los Angeles as instrument number 20091806478 (the "Pacific Deed of Trust"). The proceeds of this loan secured by the Pacific Deed of Trust were used to pay off the Gelbard Deed of Trust and pay off taxes on the Property.

35. Eagle Loan and Williams Trust have expended more than $1,000,000 in funds on the Property. Eagle Loan and Williams Trust were bona-fide encumbrancers, without knowledge of Scott and Dean Suhr's claims to title at the time they made their loans and acquired the Property.

## V. ALLEGATIONS IN THE STATE COURT ACTION

36. Scott and Dean Suhr allege that on or around June 27, 1967, Phillip Suhr acquired property by deed, commonly known as 1556 Wilcox Avenue, Los Angeles, CA 90028.

37. Scott and Dean Suhr allege that prior to the time of his death, Phillip Suhr was easily influenced and susceptible to undue influence because of a weakness of mind. Scott and Dean Suhr allege that Phillip Suhr lost much of his mental health and became increasingly paranoid. Scott and Dean Suhr allege that at the time of his death, Phillip Suhr suffered from an Obsessive Compulsive Disorder.

38. Scott and Dean Suhr allege that Yusef Alexander engaged in a fraudulent scheme that involved having Phillip Suhr execute documents in a weak state of mind, and as a result of his weak mind, and lack of mental capacity, he did not and could not comprehend what he was doing or the results and consequences of his actions.

39. Scott and Dean Suhr allege that prior to March 9, 2004, Phillip Suhr, sold and

transferred the Property via grant deed to Performing Assets. The grant deed was recorded on March 9, 2004 with the Los Angeles County Recorder's office, document no. 04-0555889. The purchase price was $655,000.00. Phillip Suhr took a promissory note and deed of trust in the amount of $517,450. Scott and Dean Suhr allege on information and belief that Phillip Suhr received a check for the down payment in the approximate amount of $130,000, but further believe said check was never negotiated.

40. Scott and Dean Suhr allege that Yusef Alexander among others devised a scheme whereby they intentionally defrauded Phillip Suhr of his Property and the proceeds from the sale of the Property due under the promissory note by obtaining his signature to a deed of trust between Phillip Suhr and Performing Assets. Scott and Dean Suhr alleges that Yusef Alexander's scheme also included numerous changes to the ownership of said Property by continuously transferring the Property amid various entities, and that such entities, were agents or alter egos of each other. Scott and Dean Suhr allege that although the entities were different in name and form only, the individuals controlling, managing or owning said business were the same. Scott and Dean Suhr allege that Yusef Alexander and others had no intention of paying Phillip Suhr on the promissory note on the Property and they further believe that Yusef Alexander knew or should have known that Phillip Suhr never cashed the check for the down payment.

41. Scott and Dean Suhr allege that the Yusef Alexander, among others, entered into contracts for construction on the Property and allege that Yusef Alexander's fraudulent scheme included the filing of mechanic liens in an attempt to show that the original buyer no longer owned the Property and the new owners through the foreclosure of mechanic liens owned the Property and owed Phillip Suhr nothing as the new owners. Scott and Dean Suhr allege that Yusef Alexander and others intended to show that they were bona-fide purchasers for value and hence would owe Phillip Suhr nothing.

42. Scott and Dean Suhr allege that each entity which allegedly held title to the Property was an alter ego of Performing Assets. Scott and Dean Suhr allege that all Defendants in the state court action, including Yusef Alexander, engaged in a scheme to

deprive, by fraud, Phillip Suhr, of his Property by not paying off on the promissory note, to enjoy the use of the Property, and having false documents recorded with the Los Angeles County Recorder's office as well as the false filing of mechanics liens.

43. Scott and Dean Suhr allege that the schemes included a fraudulent Substitution of Trustee and Full Reconveyance which contained a forged notary stamp and signature and/or a forged or fraudulent signature of Phillip Suhr.

44. Scott and Dean Suhr allege that Yusef Alexander, among others, never intended to pay Phillip Suhr for the sale of the Property, but made him sign documents reflecting that he was paid for the Property. Scott and Dean Suhr allege that there is no evidence that Phillip Suhr received any monies from the sale of the Property.

## VI.  CAUSES OF ACTION
### FIRST CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(2)

45. Eagle Loan and Williams Trust refer to paragraphs 1-44, above and incorporate the allegations contained in said paragraphs herein as though set forth in full.

46. Without admitting that the Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, any damages as alleged in the state court complaint, and in the event that Eagle Loan and Williams Trust are determined to not be the sole and rightful owners of the Property; or that their deed of trust and loan are determined to be void, or otherwise invalid, Eagle Loan and Williams Trust are informed and believe and base thereon allege that Yusef Alexander conspired to defraud and did defraud them.

47. Eagle Loan and Williams Trust were induced to loan to $565,000 to Gray-Test, and make additional disbursements of funds for the benefit of the Property, based on the representations of Yusef Alexander that Gray-Test was the owner of the Property, that Gray-Test's recorded Grant Deed was valid, that Gray-Test was authorized to encumber the Property with the Eagle Loan Construction Loan, that the Property secured the Eagle Loan Construction Loan and that the Eagle Loan Deed of Trust were

valid instruments, and that no one else had a claim of ownership of the Property.

48. Without admitting that the Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, any damages as alleged in the state court complaint, and in the event that Eagle Loan and Williams Trust are determined to not be the sole and rightful owners of the Property; or that their deed of trust and loan are determined to be void, or otherwise invalid, Eagle Loan and Williams Trust are informed and believe, and based thereon allege, that Yusef Alexander, among others, in furtherance of their conspiracy to defraud Eagle Loan and Williams Trust, caused the Eagle Loan Deed of Trust to be executed, knowing it to be invalid.

49. Without admitting that the Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, any damages as alleged in the state court complaint, and in the event that Eagle Loan and Williams Trust are determined to not be the sole and rightful owners of the Property; or that their deed of trust and loan are determined to be void, or otherwise invalid, Eagle Loan and Williams Trust are informed and believe and based thereon allege that if the Grant Deed is determined to be invalid, then the fraudulent recording of the Grant Deed was intended to induce and deceive Eagle Loan and Williams Trust into believing that Gray-Test owned the Property, and that the Eagle Loan Trust Deed that secured repayment of the Eagle Loan Construction Loan would be a valid and enforceable trust deed lien on the Property and that Gray-Test intended to repay the loan.

50. If it is determined, as Scott and Dean Suhr alleged in the state court complaint, that any of the state court defendants, were involved in a fraudulent scheme, Eagle Loan and Williams Trust are informed and believe, and based thereon allege, that their fraudulent scheme was aided and abetted by Yusef Alexander and Roes 51-100, inclusive, with knowledge of the fraud and intent to participate in the fraud.

51. Without admitting that the Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, any damages as alleged in the state court complaint, and in the event that Eagle Loan and Williams Trust are determined to not be the sole and

rightful owners of the Property; or that their deed of trust and loan are determined to be void, or otherwise invalid, Eagle Loan and Williams Trust are informed and believe and based thereon allege that Yusef Alexander, among others, received money and/or other remuneration for their participation in the fraud and conspiracy and/or aiding and abetting the fraud and conspiracy.

52. Eagle Loan and Williams Trust reasonably and justifiably relied on the representations of Yusef Alexander and/or his co-conspirators.

53. Without admitting that the Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, any damages as alleged in the state court complaint, and in the event that Eagle Loan and Williams Trust are determined to not be the sole and rightful owners of the Property; or that their deed of trust and loan are determined to be void, or otherwise invalid, Eagle Loan and Williams Trust are informed and believe and based thereon allege that as a proximate result of the fraud alleged above, Eagle Loan and Williams Trust have suffered damages in an amount to be proven at trial but in excess of $1,000,000.

54. Without admitting that the Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, any damages as alleged in the complaint, and in the event that Eagle Loan and Williams Trust are determined to not be the sole and rightful owners of the Property; or that their deed of trust and loan are determined to be void, or otherwise invalid, as a proximate result of the Yusef Alexander's or his co-conspirator's wrongful acts, Eagle Loan and Williams Trust are entitled to attorneys' fees and costs.

55. Without admitting that Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, any damages as alleged in the state court complaint, in addition to judgment against Yusef Alexander, Eagle Loan and Williams Trust pray for an equitable lien against the personal and real property assets of Yusef Alexander.

56. Yusef Alexander's liability to Eagle Loan and Williams Trust arises from the transactions in which he obtained money, property, and credit by false pretenses, false representations, and actual fraud. For the foregoing reasons, Yusef Alexander's

liability to Eagle Loan and Williams Trust in an amount to be determined, is not dischargeable under 11 U.S.C. §523(a)(2)(A).

### SECOND CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(6)

57. Eagle Loan and Williams Trust refer to paragraphs 1-56, above and incorporate the allegations contained in said paragraphs herein as though set forth in full.

58. Without admitting that the Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, any damages as alleged in the complaint, and in the event that the Eagle Loan and Williams Trust are determined to not be the sole and rightful owners of the Property; or that their deed of trust and loan are determined to be void, or otherwise invalid, as a proximate result of Yusef Alexander's wrongful acts, then Yusef Alexander actively and knowingly concealed his fraudulent conduct through material false statements, misrepresentations and omissions.

59. In doing so, Yusef Alexander willfully and maliciously injured Eagle Loan and Williams Trust with knowledge that his fraudulent conduct would cause harm or that there was a substantial certainty that harm would result. As such, Yusef Alexander intended, through his fraudulent conduct, to cause such harm.

60. Without admitting that the Estate of Phillip Suhr or Scott and Dean Suhr have suffered, or will suffer, and damages as alleged in the complaint, and in the event that the Eagle Loan and Williams Trust are determined to not be the sole and rightful owners of the Property; or that their deed of trust and loan are determined to be void or otherwise invalid, as a proximate result of Yuself Alexander's wrongful acts, then Yusef Alexander acted deliberately, intentionally, wrongfully and without just cause and excuse. To their detriment, Eagle Loan and Williams Trust justifiably relied on Yusef Alexander's material false statements, misrepresentations and omissions.

61. For the foregoing reasons, Yusef Alexander's liability to Eagle Loan and Williams Trust in an amount to be determined, is not dischargeable under 11 U.S.C. §523(a)(6).

## **PRAYER**

WHEREFORE, Eagle Loan and Williams Trust respectfully request that the Court enter judgment against Yusef Alexander as follows:

(a) declaring that Yusef Alexander's indebtedness to Eagle Loan and Williams Trust, in an amount to be determined, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A) and/or (6);

(b) granting a non-dischargeable judgment in favor of Eagle Loan and Williams Trust against Yusef Alexander, in an amount to be determined, including without limitation, pre-judgment and post judgment interest as provided by law, reasonable attorneys' fees, costs and expenses; and

(c) granting Eagle Loan and Williams Trust any other and further relief to which it may be entitled.

DATED: October 8, 2010         GARRETT & TULLY, P.C.

                               /s/
                               _____
                               Zi C. Lin
                               Attorneys for Robert E. Williams, Trustee of the
                               Robert E. Williams Trust and Eagle Loan
                               Service, Inc.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Tomas Ortiz, SBN 188873<br>Zi C.Lin, SBN 236989<br>Edward W. Racek, SBN 235184<br>GARRETT & TULLY, P.C.<br>225 S. Lake Avenue, Suite 1400<br>Pasadena, CA 91101-4869<br>Telephone: (626) 577-9500<br>Facsimile: (626) 577-0813<br><br>*Attorney for Plaintiff* Eagle Loan Service, Inc. and Robert E. Williams Trust | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>YUSEF F. ALEXANDER<br><br>Debtor. | CHAPTER 7<br><br>CASE NUMBER 2:10-bk-36916-BB<br><br>ADVERSARY NUMBER |
|---|---|
| EAGLE LOAN SERVICE, INC., a California Corporation and<br>ROBERT E. WILLIAMS TRUST, a California Trust         Plaintiff(s),<br><br>vs.<br><br>YUSEF F. ALEXANDER<br>                                                                       Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**            **Time:**            **Courtroom:**            **Floor:**

- ☒ 255 East Temple Street, Los Angeles
- ☐ 411 West Fourth Street, Santa Ana
- ☐ 21041 Burbank Boulevard, Woodland Hills
- ☐ 1415 State Street, Santa Barbara
- ☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                                                                                                                F 7004-1

Summons and Notice of Status Conference - Page 2

F 7004-1

| In re<br>Yusef F. Alexander | (SHORT TITLE)<br>Debtor(s). | CASE NO.: 2:10-bk-36916-BB |
|---|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

DEBTOR
Yusef F. Alexander
8605 Santa Monica #30225
W. Hollywood, CA 90069

ATTORNEY FOR DEBTOR
Michael Jay Berger
9454 Wilshire Blvd., 6th Floor
Beverly Hills, CA 90212

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____    _____
       *Date*                    *Type Name*                 *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

F 7004-1